Document      Page 1 of 2

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY **Caption in Compliance with D.N.J. LBR 9004-1** DENISE CARLON, ESQUIRE KML LAW GROUP, P.C. Sentry Office Plz 216 Haddon Ave. Suite 406 Westmont, NJ 08018 (215)627-1322 dcarlon@kmllawgroup.com Attorneys for Secured Creditor THE BANK OF NEW YORK MELLON, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-23 | **Order Filed on March 28, 2019 by Clerk U.S. Bankruptcy Court District of New Jersey** |
| In Re: Daniel E. Yancy, Debtor. | Case No.:  19-12216 JNP Adv. No.: Hearing Date:  4/3/19 @ 9:00 a.m. Judge:  Jerrold N. Poslusny, Jr. |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: March 28, 2019**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2
Debtor:       Daniel E. Yancy
Case No.:     19-12216 JNP
Caption:      **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, THE BANK OF NEW YORK MELLON, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-23, holder of a mortgage on real property located at 725 Central Avenue, Franklinville, NJ 08322, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Seymour Wasserstrum, Esquire, attorney for Debtor, Daniel E. Yancy, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by May 29, 2019, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee may pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.